IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JULIE POWERS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHARLES RIVER LABORATORIES,<br>SUSAN JACKSON, and ROBERTO<br>ROMERO,<br><br>　　　　Defendants. | Case No. 2:16-cv-13668-GER-SDD<br><br>Hon. Gerald E. Rosen<br><br>Hon. Stephanie Dawkins Davis |

**DEFENDANTS CHARLES RIVER LABORATORIES, INC. AND SUSAN JACKSON'S MOTION TO SET BRIEFING SCHEDULE AND ORAL ARGUMENT ON THEIR PRE-REMOVAL MOTION TO DISMISS**

Defendants Charles River Laboratories, Inc.[1] ("CRL") and Susan Jackson ("Jackson"), having filed a Motion for Summary Disposition or in the Alternative to Compel Arbitration ("Motion to Dismiss") in response to Plaintiff Julie Powers' Complaint in Wayne County Circuit Court, hereby move for this Court to set a briefing schedule and oral argument on their Motion to Dismiss, with this action having been removed to this Court by Defendant Roberto Romero on October 14, 2016.

For the reasons discussed more fully in their Brief in Support submitted herewith, CRL and Jackson respectfully request that the Court order Plaintiff to

---

[1] Improperly identified in the Complaint only as "Charles River Laboratories."

respond to their Motion to Dismiss by November 9, 2016, and schedule oral argument on the Motion to Dismiss at the Court's soonest convenience.

Pursuant to Local Rule 7.1, counsel for CRL and Jackson contacted Plaintiff and counsel for Romero to seek concurrence in the relief sought. Counsel was advised that Romero concurs in the relief sought, but Plaintiff does not.

Respectfully submitted,

Dated:  October 21, 2016                    JACKSON LEWIS P.C.

BY:   /s/Emily M. Petroski
EMILY M. PETROSKI (P63336)
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900 - phone
(248) 936-1901 – fax
petroske@jacksonlewis.com

Attorneys for Defendants Charles River Laboratories, Inc. and Susan Jackson

---

**PROOF OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served upon all parties in the above case at their respective addresses disclosed on the pleadings on October 21, 2016 by:

☐ Hand Delivery     X Julie Powers via Email and U. S. Mail
X  ECF              ☐ FAX

/s/Emily Petroski
Emily Petroski

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JULIE POWERS,<br><br>   Plaintiff,<br><br>v.<br><br>CHARLES RIVER LABORATORIES,<br>SUSAN JACKSON, and ROBERTO<br>ROMERO,<br><br>   Defendants. | Case No. 2:16-cv-13668-GER-SDD<br><br>Hon. Gerald E. Rosen<br><br>Hon. Stephanie Dawkins Davis |

**DEFENDANTS CHARLES RIVER LABORATORIES, INC. AND SUSAN JACKSON'S BRIEF IN SUPPORT OF MOTION TO SET BRIEFING SCHEDULE AND ORAL ARGUMENT ON THEIR PRE-REMOVAL MOTION TO DISMISS**

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ................................................................................................. i
**STATEMENT OF ISSUES PRESENTED** ............................................................. ii
**STATEMENT OF MOST CONTROLLING AUTHORITIES** ........................ iii
**I.   INTRODUCTION** ........................................................................................1
**II.   FACTS** ............................................................................................................1
**III.   ARGUMENT** .................................................................................................3
**IV.   CONCLUSION** .............................................................................................4

# STATEMENT OF ISSUES PRESENTED

1. In this removed action, should the Court set a briefing schedule and oral argument on Defendants Charles River Laboratories, Inc. and Susan Jackson's Motion to Dismiss or in the Alternative to Compel Arbitration, filed before removal by Defendant Roberto Romero, and in so doing, adopt the state court's order requiring Plaintiff to respond to the Motion by November 9?

   Defendants Charles River Laboratories, Inc. and Jackson answer: YES
   Defendant Roberto Romero answers: Concurs
   Plaintiff Julie Powers answers: NO

## STATEMENT OF MOST CONTROLLING AUTHORITIES

Fed. R. Civ. P. 81(c)(2)

*Pinnell v. Eaton Corp.*, No. 14-cv-13999, 2015 U.S. Dist. LEXIS 9557 (E.D. Mich. Jan. 28, 2015)

## I. INTRODUCTION

Plaintiff Julie Powers sues Defendants Charles River Laboratories, Inc.[1] ("CRL"), Susan Jackson ("Jackson"), and Roberto Romero ("Romero"), alleging age discrimination, retaliation, negligence, breach of contract, and intentional infliction of emotional distress, all arising under Michigan law. Romero removed the action to this Court on the basis of his being a United States government defendant.

Prior to Romero removing the action, CRL and Jackson filed in state court a Motion for Summary Disposition or in the Alternative to Compel Arbitration ("Motion to Dismiss"). CRL and Jackson consent to the removal of the action, but ask the Court to adopt the state court's briefing schedule on their Motion to Dismiss, and set the motion for hearing at the Court's soonest convenience. Because the Federal Rules of Civil Procedure provide that matters generally need not be re-pled upon removal, CRL and Jackson's Motion to Dismiss is properly before the Court, and should be briefed and heard promptly, rather than delayed by Romero's removal.

## II. FACTS

Powers initiated this action with a five-count complaint, filed in Michigan's Third Circuit Court (Wayne County) on August 5, 2016. (Ex. B to Notice of

---

[1] Improperly identified in the Complaint only as "Charles River Laboratories."

1

Removal, Complaint, Dkt #1.) Powers asserts against CRL and Jackson claims for age-based discrimination, harassment and retaliation under Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), and common law claims for negligence, breach of contract, and intentional infliction of emotional distress. (*See id.* ¶¶ 92-166.) Powers additionally asserts against Romero her ELCRA age discrimination and harassment claims, as well as her claim for intentional infliction of emotional distress. (*See id.*)

On September 1, 2016, CRL and Jackson filed their Motion to Dismiss, and noticed the motion for hearing on September 30. (Ex. 1 hereto). In short, Powers executed a binding arbitration agreement with a predecessor of CRL, which remains valid as between Powers and CRL. (*See generally* Ex. 1, Mot. Dismiss.) Powers' claims against Jackson, an agent of CRL, are also covered by the agreement, which bars Powers' claims under a valid one-year contractual limitations period. (*See generally id.*) At minimum, Powers' claims should be submitted to arbitration, and this action dismissed or stayed as to CRL and Jackson.

The state court entered an order on October 14 (Ex. 2 hereto), adjourning the motion hearing to November 16, 2016. The state court ordered Powers to file and serve a written response to the Motion to Dismiss no later than November 9. (Ex. 2, Order at 1.) The court warned Powers that "[f]ailure to timely file a written

response will result in this Court treating Defendants' motion for summary disposition as unopposed." (*Id.*) The court also ordered CRL and Jackson to file by November 1 "SAIC Employment Arbitration Rules and Procedures" referred to in Powers' governing arbitration agreement. (*Id.* at 1-2.)

Also on October 14, Romero served the other parties with a Notice of Filing Notice of Removal, stating he had removed the action to this Court. Powers' Complaint alleges that she was a CRL employee, and that Romero "is a Federal Government employee appointed by the [National Institute of Child Health and Human Development] as Chief of the Perinatology Research Branch and, in practice, was effectively Ms. Powers' supervisor, . . . [and] held the power to hire, enact employee disciplinary actions and terminate CRL employees . . . ." (Complaint ¶ 22.) Romero's Notice of Removal (Dkt #1), based on his being a United States officer or agent, attaches certification of such status, and Powers' Complaint, but not CRL and Jackson's Motion to Dismiss.

### III. ARGUMENT

Federal Rule of Civil Procedure 81(c), which governs pleading procedure after removal, provides that "[a]fter removal, repleading is unnecessary unless the court orders it." Fed. R. Civ. P. 81(c)(2). A defendant that has moved to dismiss in state court prior to removal therefore need not take any action to have the motion properly before the federal court to which the action was removed. *See Pinnell v.*

3

*Eaton Corp.*, No. 14-cv-13999, 2015 U.S. Dist. LEXIS 9557, at *2 (E.D. Mich. Jan. 28, 2015) ("Since, however, Eaton filed a responsive pleading in state court, their motion to dismiss, a responsive pleading is not necessary.").

Because CRL and Jackson's Motion to Dismiss has been pending for approximately seven weeks, and is now properly before this Court, Powers should be ordered to respond within an appropriate time. Given the ample fairness of the state court's October 14 order requiring Powers to respond by November 9—more than two months after the Motion to Dismiss was filed and served on Powers—this Court should accordingly order as follows:

- Plaintiff Julie Powers shall, no later than Wednesday, November 9, 2016, file and serve a written response, either personally or through counsel, to CRL and Jackson's Motion to Dismiss or in the Alternative to Compel Arbitration. Failure to timely file a written response will result in this Court treating Defendants' motion for summary disposition as unopposed, which may result in dismissal of the Complaint.

Additionally, CRL and Jackson ask that the Court schedule their Motion to Dismiss for oral argument at the Court's earliest convenience.

### IV.   CONCLUSION

For the foregoing reasons, CRL and Jackson respectfully request that the Court order Plaintiff to respond to their Motion to Dismiss by November 9, 2016, and to set their Motion to Dismiss for oral argument at the Court's soonest convenience.

4

Respectfully submitted,

Dated:  October 21, 2016		JACKSON LEWIS P.C.

BY:   /s/Emily M. Petroski
EMILY M. PETROSKI (P63336)
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900 - phone
(248) 936-1901 – fax
petroske@jacksonlewis.com

Attorneys for Defendants Charles River Laboratories, Inc. and Susan Jackson

**PROOF OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served upon all parties in the above case at their respective addresses disclosed on the pleadings on October 21, 2016 by:

☐ Hand Delivery	X Julie Powers via Email and U. S. Mail
X  ECF	☐ FAX

　　　　/s/Emily Petroski
　　　　Emily Petroski

4838-9930-6555, v. 2

5