UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE POWERS,

    Plaintiff in pro per,        Case No. 16-cv-13668

v.        Paul D. Borman
        United States District Judge

UNITED STATES OF AMERICA
and SECRETARY OF THE        Stephanie Dawkins Davis
DEPARTMENT OF HEALTH        United States Magistrate Judge
AND HUMAN SERVICES,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 62)

On October 8, 2018, Plaintiff filed a motion seeking reconsideration of this Court's September 29, 2017 Opinion and Order (ECF No. 38, 9/29/17 Opinion and Order), in which the Court dismissed Defendants Charles River Laboratories and Susan Jackson without prejudice and compelled arbitration of Plaintiff's claims against them and also granted in part Plaintiff's motion for leave to amend the Complaint as to the United States. (ECF No. 62, Motion for Reconsideration.) On October 16, 2018, Defendants Charles River Laboratories, Inc. and Susan Jackson filed a Motion to File a Response to Plaintiff's Motion for Reconsideration which this Court GRANTS. (ECF No. 64.) The Court has considered the Defendants' Response.

1

Plaintiff's "Motion for Reconsideration," filed more than one year after entry of the Order, states that Plaintiff moves for reconsideration of the Court's September 29, 2017 Order "pursuant to Fed. R. Civ. P. 54(b) and Local Court Rule 7.1(h)(3)." Eastern District of Michigan Local Rule 7.1(h) provides that: "A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). Plaintiff's motion for reconsideration is untimely under E.D. Mich. L.R. 7.1.

Although Plaintiff's reliance on Fed. R. Civ. P. 54(b) is not well explained, it appears that Plaintiff is asking the Court to exercise its discretionary authority to reconsider an interlocutory order prior to entry of final judgment. The Sixth Circuit has recognized this discretionary authority as applying in a very limited set of circumstances:

> The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders. Because of this, some circuits have suggested that a district court's power to reconsider an order before final judgment exists under federal common law, not the Federal Rules of Civil Procedure. *See, e.g., City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001). Although we agree that the authority for hearing such motions has a common law basis, we find additional support in Federal Rule of Civil Procedure 54(b). *See Fayetteville v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991) (approving of Rule 54(b) as a proper procedural vehicle for bringing motions to reconsider interlocutory orders).
>
> District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before

2

> entry of final judgment. *See Mallory [v. Eyrich,]* 922 F.2d [1273], 1282 [(6th Cir.1991)]. This authority allows district courts "to afford such relief from [interlocutory orders] as justice requires." *Citibank N.A. v. Fed. Deposit Ins. Corp.*, 857 F.Supp. 976, 981 (D.D.C. 1994); *see also Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998).

*Rodriguez v. Tennessee Laborers Health and Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "However, a motion for reconsideration [under Rule 54(b)] cannot be used to raise legal arguments that could have been raised before the Court issued its decision [and] 'a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier.'" *Adkins v. Kroger Ltd. P'ship*, No. 5:18-156, 2018 WL 6613786, at *3 (E.D. Ky. Dec. 18, 2018) (quoting *Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012)). "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Id*.

Here, "plaintiff was aware or could have become aware of all of the supposedly 'new' information prior to the Court's decision on the motion [to compel arbitration]." *Adkins*, 2018 WL 6613786, at *3. Here, as the Court previously ruled, Plaintiff never denied signing the arbitration agreement and in fact she referred to the Arbitration

3

Agreement as a document signed by her. As this Court ruled in its September 29, 2017 Opinion and Order:

> [I]n a filing in state court, Plaintiff referred to the MAA as "the time-barred Arbitration Agreement signed by Plaintiff in 1997." Plaintiff has not denied, by way of affidavit or otherwise, that her signature appears on the MAA, nor has she denied that she signed and accepted the Offer of Employment, which plainly stated that it was contingent on Plaintiff signing the MAA.

(ECF No. 38, 9/29/17 Opinion and Order 13, PgID 1052.)

If Plaintiff believed that she had not signed the MAA and wanted to prove this fact, she could and should have – *over a year ago* – denied that was her signature and undertaken to discover the alleged fabrication that she claims she has now discovered. She did neither. Nor did she file a timely motion for reconsideration after reading the Court's ruling regarding the circumstances of her signing. Plaintiff now explains that in her "22 year executive career as head of administration of the PRB, requiring complex document production Powers has gained expert level of proficiency with many of these technologies and imaging software tools," that she now claims to have employed to uncover the alleged fabrication of her signature on the arbitration agreement. (Pl.'s Mot. 9, PgID 1320.) This alleged proficiency with these technologies and tools is certainly not something new to the Plaintiff and she could have employed these skills and technologies to uncover this alleged fabrication of her signature a year ago when the issue of the authenticity of her signature could and

4

should have been raised. She did not do so and she cannot do so now.

Plaintiff also attempts to assert legal arguments that either were rejected by the Court previously or were never presented to the Court, i.e. that "the arbitration agreement is invalid under the FAR and therefore unenforceable against Powers as a matter of law." (Mot. 14 PgID 1325.) Plaintiff cannot use a motion for reconsideration of an interlocutory order to assert legal arguments that could have been but were not made before. *Adkins*, 2018 WL 6613786, at * 3 (citing *Shah*, 507 F. App'x at 495).

Finally, Plaintiff requests in a single sentence (although the single sentence is repeated in three different places in the motion) that alternatively "the Court enter final judgement of the rulings pertaining to CRL defendants under Fed. R. Civ. P. 54(b)." (Mot. 14, PgID 1325.) Plaintiff makes no effort to develop this argument, she does not even set forth and discuss the standards for certifying a non-final order under Rule 54(b) or explain how those standards compel a final order determination here. "Issues adverted to in a perfunctory manner, without some effort to develop an argument, are deemed forfeited." *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 621 (6th Cir. 2013).

Plaintiff has failed to sustain her burden of demonstrating that reconsideration is warranted and that "some harm or injustice would result if reconsideration is

denied." *Adkins*, 2018 WL 6613786, at *3. Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

                                                                s/Paul D. Borman
                                                                PAUL D. BORMAN
                                                                UNITED STATES DISTRICT JUDGE

Dated: March 28, 2019