UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE POWERS,

    Plaintiff in pro per,          Case No. 16-cv-13668

v.                                                  Paul D. Borman
                                                  United States District Judge

UNITED STATES OF AMERICA
and SECRETARY OF THE                 Stephanie Dawkins Davis
DEPARTMENT OF HEALTH               United States Magistrate Judge
AND HUMAN SERVICES,

    Defendants.
_____/

<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE DAVIS'S
SEPTEMBER 10, 2018 REPORT AND RECOMMENDATION (ECF NO. 58),
(2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 59),
(3) GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS (ECF NO. 44)</u>

On September 10, 2018, Magistrate Judge Davis issued a Report and Recommendation to Grant in Part and Deny in Part Defendants' motion to dismiss Plaintiff's Amended Complaint. (ECF No. 58, Report and Recommendation) ("R&R"). Plaintiff filed Objections to the R&R which are now before the Court for resolution. (ECF No. 59, Plaintiff's Objections to Magistrate Judge's Report and Recommendation on Defendants' Motion to Dismiss Amended Complaint.) Defendants have filed a Response to Plaintiff's Objections. (ECF No. 63, Response of the United States to Plaintiff's Objections to the September 10, 2018 Report and Recommendation.) The Court, having conducted *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) of those portions of the R&R

1

to which specific and timely objections have been filed, OVERRULES the objections, ADOPTS the Report and Recommendation, and GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss.

## I. BACKGROUND

The background facts related to the Defendants' motion to dismiss are set forth in detail in the Magistrate Judge's Report and Recommendation and are discussed *infra* as relevant to the Court's resolution of Plaintiff's objections. The Magistrate Judge concluded that Plaintiff is entitled to limited discovery on the issue of exhaustion of her claims (Counts I and II) filed under the federal sector Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 633a, *et seq.* ("ADEA"); neither party objects to this recommendation. The Magistrate Judge also concluded that Plaintiff's claim filed under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for Intentional Infliction of Emotional Distress (Count III) ("IIED"), is subject to dismissal on both preemption and exhaustion grounds. The Plaintiff now objects to the Magistrate Judge's recommendations as to dismissal of her IIED claim.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed a "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Only those objections that are specific are

2

entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. ANALYSIS

**Objection No. 1: Plaintiff's Objection to the Magistrate Judge's Conclusion That Plaintiff's IIED Claim is Preempted by the ADEA is OVERRULED.**

"Federal employees must rely upon Title VII and other federal antidiscrimination statutes like the ADEA that apply to the federal government as the exclusive remedy for combating illegal job discrimination." *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006). "'In amending Title VII [and other federal statutes] to include federal employees, Congress created an exclusive judicial remedy for claims of discrimination in federal employment.'"

3

*Id*. (quoting *Davis v. Runyon*, No. 96-4400, 1998 WL 96558, at *5 (6th Cir. Feb. 23, 1998)). However, when determining whether a claim is preempted, "a number of courts have distinguished between discrimination claims and other claims which, although arising out of the same facts and circumstances, seek to remedy injuries other than workplace discrimination." *Wallace v. Henderson*, 138 F. Supp. 2d 980, 984 (S.D. Ohio 2000). Courts have struggled with the very question presented here: whether a plaintiff's claim for intentional infliction of emotional distress in connection with her employment dispute must be dismissed because Title VII (or another federal antidiscrimination statute) provides the exclusive remedy for the employment-related claims. *Id*. at 984-86. While the Sixth Circuit does not appear to have squarely addressed this issue, district courts in the Sixth Circuit have done so and provide the following reasoned approach: if the plaintiff's allegations involve "serious personal violation[s], such as rape, sexual assault; or stalking, defamation, and harassment with phone calls," the federal antidiscrimination statute would not preclude the claim. *Heimberger v. Pritzker*, No. 12-cv-01064, 2014 WL 1050341, at *9 (S.D. Ohio March 17, 2014) (internal quotation marks and citations omitted). However, an IIED claim will be barred where the allegations describe "[m]erely 'highly offensive' conduct, such as 'intentional touching and [ ] sexually suggestive and vulgar remarks,' [which] are 'typical of the offensive workplace behavior giving rise to an action to remedy a hostile work environment,' and are properly considered under Title VII, not a separate cause of action." *Id*. (quoting *Sommatino v. United States*, 255 F.3d 704, 712 (9th Cir. 2001)).

In *Heimberger*, the district court concluded that plaintiff's allegations of sexual harassment, including the following, did not describe conduct that fell outside of Title VII's preclusive bar: (1) being repeatedly asked to go on dates; (2) being told by her harasser that she was "well put together" and "easy on the eyes;" (3) being asked to go on boat rides and being told that she should wear shorts to work; (4) being forced to ride with her harasser on personal errands; (5) being personally touched against her will; (6) being shown pictures by her harasser on a cruise and asked to go on a cruise with him where he would wear only a speedo bathing suit; (7) having to encounter her harasser showing up at restaurants where plaintiff was dining; (8) receiving personal calls from him; and (9) being forced to attend business meetings at which only she and her harasser were present. 2014 WL 1050341, at *2. Plaintiff in *Heimberger* claimed that this "stalking" conduct caused her to experience significant distress. The court found that this conduct, although "highly offensive," did not "meet the threshold of a 'highly personal wrong' separate and distinct from a sexual harassment or hostile workplace claim." *Id*. at *10. The court distinguished conduct such as "threats to [her] life, threats to [her] employment, threats of serious injury to [her], harassing language and gestures, and stalking," which other courts had found sufficient to take an IIED claim out from under the Title VII preclusive umbrella, but were lacking in Heimberger's complaint. *Id*. (citing *Wallace*, 138 F. Supp. 2d at 981-82.)

Here, in Response to Defendants' motion to dismiss, Plaintiff cites the following alleged conduct, which her Amended Complaint sets forth in support of all of her claims, including her IIED claim:

5

> Despite her excellent performance and increasing responsibilities, Dr. Romero repeatedly abused Plaintiff by nitpicking and berating her, commenting negatively about her mental health and age, and making inappropriate personal remarks regarding Plaintiff's intelligence. (Amended Complaint ¶¶ 33-34.) Dr. Romero's bullying, intimidation, and humiliation worsened over time, particularly after 2009. *Id.* at ¶¶ 36-38. Much of Dr. Romero's abuse was related to Plaintiff's age, including critical statements in response to minor and inconsequential errors. *Id.* ¶ 38. Dr. Romero told Plaintiff that she had "memory problems," but opined that they could not be due to "post-menopausal symptoms" since she was "well beyond that stage." *Id.* ¶ 39.

(ECF No. 53, Pl.'s Response to Defs.' Mot. to Dismiss 19, PgID 24.) Plaintiff also alleges in her Amended Complaint that she was demoted, forced to give up her private office space, and placed in a vacant position previously held by another administrative assistant to Dr. Romero and was required to work in the file room 3-4 hours per day. (ECF No. 39, Amended Complaint ¶¶ 46-57.) Plaintiff alleges that Dr. Romero's "bullying and intimidating behavior" became "abusive and persistent, and sometimes took place in an "isolated or closed office," causing her to "fear for her physical safety," and "creating a hostile work environment." (Am. Compl. ¶¶ 59-60.)

The Magistrate Judge concluded that Plaintiff's allegations in this case "fall squarely into the category of cases where IIED claims were found to be preempted by Title VII or the ADEA," noting the absence of "allegations involv[ing] alleged threats to her life, a physical attack, or other highly personal injury." (R&R 29, PgID 1285.) Plaintiff's objections focus largely on the effect that Dr. Romero's alleged conduct had on her psychological well being, but she does not dispute that the Magistrate Judge accurately described the allegedly offending conduct. Plaintiff in her objections urges the Court to consider and rely on the

6

Fifth Circuit's decision in *Wilson v. Monarch Paper Co*., 939 F.3d 1138 (5th Cir. 1991), where the court found that the employer's degrading and humiliating conduct toward the plaintiff – forcing a former vice-president of the company with 30 years of executive experience to perform "menial and demeaning" janitorial duties resulting in a "steep downhill push to total humiliation" – did not fall within the context of an ordinary employment dispute. *Id*. at 1145-46. This Court is not bound by this Fifth Circuit decision. But more importantly there are no such allegations here. The most that Plaintiff alleges with respect to her "demotion" is that she was moved out of her private office, forced to take on the responsibilities of another administrative assistant, and had to spend more time in the file room. The Court is not persuaded by Plaintiff's reliance on *Wilson*.

Plaintiff has failed to direct the Court to any error in the Magistrate Judge's conclusion that the allegations Plaintiff relies on in support of her IIED claim – which importantly are the *same* allegations on which she relies to support her ADEA employment claims – fail to cross the threshold into the extremely personal and assaultive types of conduct that take a claim outside of the purview of Title VII or the ADEA. The Magistrate Judge correctly concluded that Plaintiff's IIED claim must be dismissed as preempted by the ADEA.

> **Objection No. 2: Plaintiff's Objection to the Magistrate Judge's Conclusion That Plaintiff Failed to Exhaust Her Administrative Remedies on Her IIED Claim Filed Under the FTCA is OVERRULED.**

As a prerequisite to filing suit under the FTCA, a claim must be presented to and denied by the agency allegedly involved in the tort. This presentment requirement is set forth

in 28 U.S.C. § 2675(a), which provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

*Id*.

Plaintiff's second "objection" is actually a further concession that she did not present a tort claim to the government before filing this lawsuit. This is clear from the attachments to the Plaintiff's Complaint, which demonstrate that she presented her tort claim to the Defendant HHS *after* she filed this litigation. (ECF No. 39-2, Nov. 30, 2016 FTCA Claim for Damage, Injury, or Death (amended Jan. 4, 2017), PgID 1136.) The Magistrate Judge correctly concluded that Plaintiff did not exhaust her administrative remedies before filing her FTCA IIED claim.

Plaintiff does not dispute that she did not file a tort claim with the government before filing this lawsuit but "suggests" in her objection that she ought to be entitled to claim that equitable tolling applies to her IIED claim. As an initial matter, this objection fails to "pinpoint" any error in the Magistrate Judge's R&R, and is therefore not entitled to *de novo* review. In any event, even assuming equitable tolling applied, Plaintiff has made no case for equitable tolling on her FTCA claim here. As the Magistrate Judge accurately observed, Plaintiff's "struggles with exhausting her ADEA claims do no simply "cross-over" to her FTCA claim, which is an entirely different exhaustion process." (R&R 34, PgID 1290.)

8

The Magistrate Judge correctly concluded that Plaintiff did not exhaust her administrative remedies pursuant to 28 U.S.C. § 2675(a) before filing her tort claim for intentional infliction of emotional distress under the FTCA, 28 U.S.C. § 2671, *et seq.*, and the claim is therefore subject to dismissal without prejudice under Fed. R. Civ. P. 12(b)(6). *See Jackson v. Donahoe*, No. 15-cv-3, 2015 WL 1962939, at *1 (W.D. Mich. May 1, 2015) (observing that the "time bar contained in § 2675(a) is not jurisdictional," and dismissing plaintiff's FTCA claim for failure to exhaust); *Prince v. Nat'l Labor Relations Bd.*, No. 16-cv-419, 2017 WL 1424983, at *4 (S.D. Ohio April 20, 2017) (noting that § 2675(a)'s presentment requirement is not jurisdictional, analyzing defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), and dismissing the FTCA claim for failure to file an administrative claim prior to instituting a lawsuit).

## IV. CONCLUSION

For the foregoing reasons, the Court:

(1) OVERRULES Plaintiff's Objections (ECF No. 59);

(2) ADOPTS the Report and Recommendation (ECF No. 58);

(3) DENIES WITHOUT PREJUDICE the Defendants' motion to dismiss Counts I and II of the Amended Complaint and ORDERS the parties to conduct limited discovery related solely to the issue of exhaustion of administrative remedies on Plaintiff's ADEA claims, as directed by the Magistrate Judge in her Report and Recommendation, with such discovery to be completed on or before **May 31, 2019**;

(4) ORDERS that Defendants may file a motion for summary judgment on the issue of exhaustion on or before **June 28, 2019;** and

(5) GRANTS Defendants motion to dismiss Count III of the Amended Complaint WITH PREJUDICE.[1]

IT IS SO ORDERED.

                                                                                                 s/Paul D. Borman  
                                                                                                  PAUL D. BORMAN  
                                                                                                  UNITED STATES DISTRICT JUDGE

Dated: March 29, 2019

---

[1] A dismissal based on the grounds of preemption by Title VII or another antidiscrimination statute should be dismissed with prejudice. *See Vaghtshenas v. Int'l Business Machines Corp.*, No. 16-cv-00179, 2017 WL 9251673, at *4 (E.D. Tex. Feb. 8, 2017) ("a court should dismiss [such] preempted claims with prejudice"). Although the Magistrate Judge alternatively found (and this Court agrees) that dismissal of Plaintiff's IIED claim for failure to exhaust administrative remedies is also appropriate here, and such a dismissal would be without prejudice, *see, e.g. Robinette v. Union Hospital,* No. 17-3471, 2018 WL 2106403, at *2 (6th Cir. March 22, 2018) (unpublished case) (citing *Chapman v. City of Detroit*, 808 F.2d 459, 462 (6th Cir. 1986) (indicating in dicta that a complaint should be dismissed without prejudice for failing to exhaust EEOC remedies)), the Court dismisses Plaintiff's IIED claims on preemption grounds and not on exhaustion grounds.