UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE POWERS,

                Plaintiff,

v.

SECRETARY OF THE
DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

                Defendant.
_____/

Case No. 16-cv-13668

Paul D. Borman
United States District Judge

Michael J. Hluchaniuk
United States Magistrate Judge

**<u>OPINION AND ORDER:</u>**
**<u>(1) ADOPTING MAGISTRATE JUDGE HLUCHANIUK'S APRIL 6, 2020</u>**
**<u>REPORT AND RECOMMENDATION (ECF NO. 80);</u>**
**<u>(2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 83); AND</u>**
**<u>(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**
**<u>ON EXHAUSTION OF ADEA CLAIMS (ECF NO. 70)</u>**

On April 6, 2020, Magistrate Judge Michael J. Hluchaniuk issued a Report

and Recommendation to Grant Defendant's Motion for Summary Judgment on

Exhaustion of ADEA Claims.   (ECF No. 80, Report and Recommendation

("R&R").)  Plaintiff Julie Powers filed Objections to the R&R which are now before

this Court for resolution.   (ECF No. 83, Plaintiff's Objections to Report and

Recommendation Granting Defendant's Motion for Summary Judgment ("Pl.'s

Obj.").)  Defendant Alex Azar, Secretary of the Department of Health and Human

Services, filed a Response to Plaintiff's Objections.  (ECF No. 84, Defendant's

Response to Plaintiff's Objections to the Report and Recommendation ("Def.'s Resp.").)  The Court, having conducted *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) of those portions of the R&R to which specific and timely objections have been filed, OVERRULES Plaintiff's Objections, ADOPTS the Report and Recommendation, and GRANTS Defendant's Motion for Summary Judgment on Exhaustion of ADEA Claims (ECF No. 70).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The procedural history and background facts related to Defendant's Motion for Summary Judgment on Exhaustion of ADEA Claims are set forth in great detail in the Magistrate Judge's Report and Recommendation and will not be repeated here in full.  (*See* R&R at pp. 3-12, PgID 1631-40.)  Instead, background facts are summarized below and discussed more fully *infra* as relevant to the Court's resolution of Plaintiff's Objections.

As set forth in the R&R, Plaintiff worked as an executive assistant in the Perinatology Research Branch ("PRB") of the National Institute of Child Health and Human Development ("NICHHD") within the National Institutes of Health ("NIH") from 1992 to 2015.  (R&R at p. 3, PgID 1631.)  During the times relevant to this lawsuit, Charles River Laboratories, Inc. ("CRL") was the government contractor that employed Plaintiff and she provided services to the Chief of PRB, Roberto Romero, M.D., an employee of the Department of Health and Human Services

("DHHS"). (*Id.*) Dr. Romero demoted Plaintiff twice, in April and August 2013, and these actions are the basis for her age discrimination claims. (*Id.* at p. 4, PgID 1632.)

Plaintiff went on medical leave starting in December 2013. (*Id.* at p. 5, PgID 1633.) She complained of workplace harassment to CRL in 2014 and 2015 and CRL stated it would conduct an immediate investigation. (*Id.* at pp. 5-6, PgID 1633-34.) Plaintiff's treating therapist indicated in an ADA form in February 2015 that Plaintiff was permanently disabled and could not return to work, and in March 2015, CRL informed Plaintiff that it could not substantiate her claims and Plaintiff's employment with CRL was terminated. (*Id.* at pp. 6-7, PgID 1634-35.) Plaintiff filed a claim against CRL with the EEOC in July 2015. (*Id.* at p. 7, PgID 1635.)

In October 2015, Plaintiff contacted Dr. Cathy Spong, acting director of NICHHD, regarding her complaints against Dr. Romero, which included the age discrimination and hostile work environment complaints, as well as complaints of unethical misconduct. (*Id.* at p. 8, PgID 1636.) In December 2015, NIH contracted with a third party to conduct an investigation into Plaintiff's claims against CRL and Dr. Romero, and in February 2016, Latif Doman contacted Plaintiff to inform her that he had been retained to conduct the investigation. (*Id.* at p. 9, PgID 1637.) Doman emailed Plaintiff in May 2016 to inform her he had submitted his report of investigation ("ROI") and that he found a basis for the allegations of harassment and

hostile work environment. (*Id.* at p. 10, PgID 1638.)  Plaintiff requested a copy of the ROI, but was told it would not be released because it was being reviewed by the Office of Equity, Diversity, and Inclusion ("EDI"). (*Id.*)

In July 2016, Chinara Brown, EEO counselor with EDI, emailed Plaintiff and told Plaintiff that EDI was not the office that processed the allegations for investigation. (*Id.* at p. 10, PgID 1638.)  Brown informed Plaintiff that she could file an EEO pre-complaint by filling it out online or completing the form Brown attached to the email.  Brown also attached an overview of the complaint process and a document explaining the rights and responsibilities in the complaint process, including the time within which to file a complaint. (*Id.* at pp 10-11, PgID 1638-39.)  Plaintiff did not file a pre-complaint or formal complaint with an EEO counselor. (*Id.* at p. 11, PgID 1639.)

Plaintiff's *pro se* Amended Complaint alleges two claims against Defendant for discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and for retaliation in violation of the ADEA. (ECF No. 39, First Amended Complaint ("FAC").)[1] The Court denied without prejudice Defendant's

---

[1] Plaintiff also alleged an intentional infliction of emotional distress claim against Defendant in her Amended Complaint, but that claim was dismissed with prejudice. (ECF Nos. 58, 65.)

Plaintiff's original complaint had also named two non-governmental defendants, Charles River Laboratories ("CRL") and Susan Jackson. (ECF No. 1.) CRL and Jackson filed a motion to dismiss, or, in the alternative, to compel arbitration. (ECF No. 6.)  The Court denied the motion to dismiss Plaintiff's claims

motion to dismiss these two counts, and the parties were given a limited period of discovery on the issue of exhaustion of Plaintiff's ADEA claims.  (ECF Nos. 58, 66.)

Defendant subsequently filed a motion for summary judgment arguing that Plaintiff did not exhaust administrative remedies before bringing her ADEA claims in this Court.  (ECF No. 70.)  Plaintiff responded and Defendant filed a reply brief. (ECF Nos. 73, 74.)  Plaintiff was given an opportunity to file a sur-reply, to which the Defendant responded.  (ECF Nos. 78, 79.)

On April 6, 2020, the Magistrate Judge issued the R&R, finding that Plaintiff failed to exhaust her administrative remedies on her ADEA claims against Defendant because she agrees that she did not contact an EEO counselor within 45 days of the alleged discriminatory action and she did not give 30 days' notice of an intent to file suit within 180 days of the discriminatory action.  The R&R further concluded that Plaintiff's claims were not subject to equitable tolling, waiver or estoppel, and recommended that Plaintiff's ADEA claims against Defendants therefore should be dismissed.  (ECF No. 80, R&R.)[2]

---

against CRL and Jackson with prejudice based on a contractual limitations period but granted those defendants' motion to compel arbitration, and dismissed Plaintiff's claims against them without prejudice.  (ECF Nos. 38, 39.)

[2] As the parties noted, there is a typographical error in the R&R, which stated:

On April 27, 2020, Plaintiff filed Objections to the R&R: (1) objecting to the portion(s) of the R&R that refer to Plaintiff as a federal government employee; (2) arguing that equitable tolling should apply to her ADEA claims; and (3) arguing that material evidence exists that the agency made a decision regarding the investigation into Plaintiff's ADEA claims and that Defendant has waived the defense that Plaintiff's claims are untimely.  (ECF No. 83, Pl.'s Obj.)  Plaintiff submits five exhibits in support of her waiver argument and requests that the Court consider these exhibits.  (*Id.* at p. 15, PgID 1686, citing Exhibits 1-5 at ECF No. 83-1, PgID 1692-1705.)

Defendant filed a response to Plaintiff's Objections on May 11, 2020, arguing that Plaintiff's objections have no merit because: (1) if Plaintiff is not a federal employee then she has no standing to bring the ADEA claims against Defendant, a federal agency; (2) Plaintiff's contention that Defendant's alleged knowledge of her complaints excused the requirement that she properly exhaust her remedies fails; and

---

Although it was the government that removed her case from State court to this Court, and the government stipulated to allowing plaintiff to amend her complaint to add DHHS as a [defendant], the government did not waive its untimeliness argument and the government's removal of the case and cooperation with plaintiff did [not] waive the statutory prerequisites to file suit against DHHS.  Accordingly, because plaintiff did not exhaust her administrative remedies her claims under the ADEA should be dismissed.

(R&R at p. 34, PgID 1662) (corrections inserted in brackets).

6

(3) even if Plaintiff's newly-submitted exhibits are allowed, Plaintiff has failed to demonstrate that the Agency made a decision on the merits of Plaintiff's claims, and thus Defendant did not waive Plaintiff's failure to exhaust.  (ECF No. 84.)

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).  A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (quotation marks and citation omitted).  "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R

& R.'"  *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3

(E.D. Mich. Feb. 4, 2016) (quoting  *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705,

2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary*

*of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

## III.   ANALYSIS

Plaintiff submitted three numbered objections to the R&R.

### A.   "Objection 1:  Plaintiff Objects to the Portion(s) of the Report that Refer to Her as a Federal Government Employee."

As explained in the R&R:

> From 1992 to 2015, plaintiff Julie Powers worked in Detroit, Michigan, as an executive assistant in the Perinatology Research Branch (PRB) of the National Institute of Child Health and Human Development (NICHHD), within the National Institutes of Health (NIH).  (ECF No. 39, PageID. 1063-64, ¶¶ 9, 10; PageID. 1066, ¶ 20).  NIH is an agency within the United States Department of Health and Human Services (DHHS). Throughout her time at PRB, plaintiff was employed by a series of private companies that contracted with NIH to provide administrative services.  (*Id.* at PageID. 1064, ¶ 15).  According to the government, at all relevant times, Charles River Laboratories, Inc. (CRL) was the government contractor that employed plaintiff.  (*Id.* at PageID. 1066, ¶ 21).  Plaintiff provided services to the Chief of PRB, Roberto Romero, M.D., an employee of DHHS.  (*Id.* at PageID. 1064, ¶¶ 12-14).

(R&R at p. 3, PgID 1631 (footnotes 1 and 2 omitted).)  Further:

> The government concedes, *for purposes of this [summary judgment] motion*, that there is a joint employer relationship, i.e., that plaintiff was employed jointly by the private company CRL and the federal government through NIH.  (ECF No. 70, PageID. 1390, n.1).

(R&R at pp. 14-15, PgID 1642-43 (emphasis added).)  (*See also* ECF No. 70, Defendant's Motion for Summary Judgment, at p. 1, PgID 1390 n.1 ("Defendant assumes for purposes of this motion that plaintiff can be treated as a federal employee, but reserves the argument that she was employed by a private contractor [CRL] and not by HHS, and therefore cannot sue HHS for employment discrimination.").)

Plaintiff contends in her first objection to the R&R that "[w]hile the parties agree that a joint employer relationship exists, at no time was Plaintiff considered a federal government employee, afforded the benefits of such, nor was she familiar with employee related procedures during her employment."  (Pl.'s Obj. at p. 6, PgID 1677; *see also id.* at p. 2, PgID 1673 (contending that the R&R "is predicated on the false premise that Plaintiff was a federal government employee.  This is categorically wrong[.]").)

However, as Defendant correctly explains in its Response, "[i]n order for Plaintiff to bring an employment discrimination claim against Defendant, she must be a federal employee."  (Def.'s Resp. at p. 1, PgID 1706, citing *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832-33 (1976).)  Defendant contends that "[t]o the extent that Plaintiff is alleging that she was not a federal employee and therefore not subject to the exhaustion requirements to bring this federal claim, but that she can still bring the federal claim without exhaustion, there is no legal basis for this argument."  (*Id.*

at p. 3, PgID 1708, citing *Brown*, 425 U.S. at 832-33 (federal employees alleging employment discrimination must pursue all administrative remedies before turning to the courts).).

The Court agrees with Defendant.  "In order to hold [Defendant Secretary of DHHS] liable under the ADEA," Plaintiff "must show that [Defendant Secretary of DHHS] was [her] 'employer' within the meaning of [the] statute[]," and conversely that she was Defendant's employee.  *See Swallow v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 992, 993 n.2 (6th Cir. 1997) ("Because Title VII, the ADEA and the ADA define 'employer' essentially the same way, we rely on case law developed under all three statutes.") (internal quotations omitted).  The processes for exhaustion for a federal agency and a private employer are independent and "suing a private entity and a federal agency as 'joint employers' does not exempt a complainant from complying with the express prerequisites to suit applicable to federal employees."  *Watson v. Tenn. Valley Auth.*, 867 F. Supp. 2d 1215, 1225 (N.D. Ala. 2012).

Accordingly, to the extent Plaintiff seeks to assert claims against Defendant, a federal agency, for ADEA violations, she must comply with "the express prerequisites to suit applicable to federal employees."  *See Watson*, 867 F. Supp. 2d at 1225; *see also Chandra v. Bowhead Science & Tech., LLC*, No. 3:16-CV-0375-B, 2017 WL 2729967, at *5 (N.D. Tex. June 26, 2017) (concluding that "an

10

employee of a contractor for a federal agency must exhaust the agency's administrative remedies before filing a Title VII complaint against the agency").

Plaintiff's first objection therefore is OVERRULED.

## B.  "Objection 2: Equitable Tolling Should Apply to Plaintiff's ADEA Claims."

"When Congress authorized federal employees to sue the federal government for violation of civil rights laws, it conditioned such authorization on the plaintiff's satisfaction of rigorous administrative exhaustion requirements and time limitations." *Horton v. Potter*, 369 F.3d 906, 910 (6th Cir. 2004) (internal quotation marks omitted).  The applicable regulation requires a federal employee to contact an equal employment opportunity ("EEO") counselor about a potential discrimination claim within 45 days of the alleged discriminatory act or within 45 days of the effective date of a discriminatory personnel action.  29 C.F.R. § 1615.105(a).  The exhaustion requirement is a prerequisite to filing suit, but is not jurisdictional in nature.  *Mitchell v. Chapman*, 343 F.3d 811, 819-20 (6th Cir. 2003).  "As such, it is subject to waiver, estoppel, and equitable tolling."  *Horton*, 369 F.3d at 911.

Magistrate Judge Hluchaniuk stated in the R&R that:

> Plaintiff agrees that she did not exhaust administrative remedies on her ADEA claims against DHHS.  She acknowledges that she did not contact an EEO counselor within 45 days of the alleged discriminatory action and that she did not give 30 days' notice of an intent to file suit within 180 days of the discriminatory action.  However, she asserts that the principles of equitable tolling, estoppel, and waiver apply here and save her claims.

11

(R&R at p. 15, PgID 1643 (citations omitted).)  Equitable tolling should be allowed

"only sparingly," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990), and

is "available only in compelling cases which justify a departure from established

procedures."  *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir.

1989).  (See R&R at pp. 17-18, PgID 1645-46.)  As explained in the R&R:

> The decision whether to allow equitable tolling is fact specific and
> considers several factors.  These factors are not exhaustive and none is
> controlling:
>
>> (1) whether the plaintiff had actual notice of the time
>> restraint; (2) whether she had constructive notice of the
>> time restraint; (3) the degree of diligence exerted in
>> pursuing her rights; (4) the degree of prejudice to the
>> defendant; and (5) the reasonableness of plaintiff's
>> ignorance of the time constraint.
>
> *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003) (citing *EEOC
> v. Ky. State Police Dep't*, 80 F.3d 1086, 1094 (6th Cir. 1996)).
> Evidence that an employer's affirmative misrepresentations misled or
> "tricked" the plaintiff into missing a deadline can bear on the
> reasonableness of the plaintiff's ignorance of the time constraint.
> *Steiner*, 354 F.3d at 436.  Plaintiff bears the burden of demonstrating
> that equitable tolling applies to her case.  *Allen v. Yukins*, 366 F.3d 396,
> 401 (6th Cir. 2004).

(R&R at p. 18, PgID 1646 (footnote omitted).)

Magistrate Judge Hluchaniuk found that the factors, on balance, do not weigh

in favor of tolling because:

> Even assuming plaintiff's ignorance of the time restraints was
> reasonable, she had active notice of the time restraints at the latest by
> July 2016 when she communicated with NIH EEO counselor Chinara

12

Brown.  Brown emailed plaintiff explaining the 45-day deadline and the complaints process, directed her on how to file a pre-complaint, and provided information on the EEO process and her rights and responsibilities.  However, despite plaintiff's knowledge of the process from Ms. Brown and Ms. Brown's encouragement that plaintiff file a pre-complaint, plaintiff exhibited no diligence at all in pursuing her rights against DHHS.  As noted, plaintiff never filed a complaint with the EEO counselor and did not submit a notice of intent to file suit against DHHS, and still has not done so.

(R&R at p. 21, PgID 1649 (internal citation and footnote omitted).)

Plaintiff does not argue here that she properly exhausted her administrative remedies with regard to Defendant, and she does not challenge the findings in the R&R that she had actual and/or constructive notice of the time requirement.  Instead, she disagrees with the finding that she failed to exhibit diligence in pursuing her rights.  She contends that Defendant had sufficient knowledge of her claims through her communications with Ms. Brown and because the agency had notice of her complaints because it had the ROI, and that any other action therefore was unnecessary.  (Pl.'s Obj. at pp. 9-10, PgID 1680-81.)

First, as the Magistrate Judge explained in the R&R, "[P]laintiff's complaints made to CRL directly and made against CRL to the Michigan EEOC office in Detroit do not satisfy exhaustion of remedies of her claims against DHHS."  (R&R at pp. 19-20, PgID 1646-58.)  This is because, "in the 'joint employer' context, the processes for exhaustion for a federal agency and a private employer are independent and 'suing a private entity and a federal agency as "joint employers" does not exempt

13

a complainant from complying with the express prerequisites to suit applicable to federal employees.'" (*Id.*, quoting *Watson v. Tenn. Valley Auth.*, 867 F. Supp. 2d 1215, 1225 (N.D. Ala. 2012).)

Second, Plaintiff fails to cite to any authority in support of her contention that mere "notice" of her general complaints is sufficient to satisfy the exhaustion requirement. Rather, it is settled law that simply putting a defendant "on notice" of the incidents that occurred is not sufficient for exhaustion purposes, and excusing a plaintiff's failure to exhaust under these circumstances would frustrate the twin purposes of the exhaustion requirement—protecting administrative agency authority and promoting efficiency. *See Woodford v. Ngo,* 548 U.S. 81, 89 (2006); *see also Steiner*, 354 F.3d at 435 (holding that plaintiff's communications of her complaints with her superiors and failure to follow instructions as to how to proceed with her claim insufficient to equitably toll her claim); *Sommatino v. United States*, 255 F.3d 704, 709-10 (9th Cir. 2001) (holding that plaintiff's "verbal complaints to the EEO counselor and her emails are insufficient to constitute substantial compliance with the claim presentment requirements"). "When Congress authorized federal employees to sue the federal government for violation of the civil rights laws, it conditioned such authorization on the plaintiff's satisfaction of rigorous administrative exhaustion requirements and time limitations." *Horton v. Potter*, 369 F.3d 906, 910 (6th Cir. 2004) (internal quotation marks omitted). Plaintiff was

14

required to contact an individual connected with the EEO process and exhibit an intent to begin the EEO process. *See Lord v. Holder*, 568 F. App'x 435, 437 (6th Cir. 2014) (citing *Kraus v. Presidio Trust Facilities Div.*, 572 F.3d 1039, 1045-46 (9th Cir. 2009)). This she admittedly did not do. *See Sommatino*, 255 F.3d at 709-10 (noting that plaintiff "took no actions to engage the administrative process beyond her verbal complaints and emails").

Plaintiff's assertion that the Magistrate Judge's citation to cases such as *Steiner v. Henderson*, 354 F.3d 432 (6th Cir. 2003), in which the court held that equitable tolling was not warranted, is "irrelevant" because she "is not a government employee," fails for the reasons explained above. Further, her reliance on cases stating that administrative charges are to be liberally construed does not change the result, as those cases relate to charges that have been properly brought, which did not happen here.

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560-61 (6th Cir. 2000). The circumstances of this case do not fit within that model. Accordingly, Plaintiff's second objection is OVERRULED.

15

### C.   "Objection [3]:[3]  Material Evidence Exists That the Agency Made a Decision Regarding the Investigation Into Plaintiff's ADEA Claims, Thus Defendant has Waived the Argument that Plaintiff's Claims are Untimely."

"[W]aiver occurs when the agency decides the complaint on the merits without addressing the untimeliness defense." *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004). Waiver also occurs when the agency accepts the complaint and "makes an express finding of timeliness or a finding that the defense of untimeliness should not bar consideration of the claims." *Mulhall v. Fed. Bureau of Investigation*, No. 3:98cv-171-S, 1999 WL 33756650, at *8-9 (W.D. Ky. Apr. 16, 1999). However, an agency does not waive the untimeliness defense merely by accepting and investigating a discrimination complaint. *Horton*, 369 F.3d at 911. As the Sixth Circuit explained in *Lord v. Holder*, "[t]o conclude otherwise 'would vitiate any incentive for government agencies to investigate and voluntarily remedy instances of discrimination, lest the agencies risk forfeiting a valid defense to a potential suit.'" 568 F. App'x at 438-39 (citing *Belgrave v. Pena*, 254 F.3d 384, 387 (2d Cir. 2001) (internal quotation marks omitted)); *see also Horton*, 369 F.3d at 911 (explaining that "such a holding would remove any incentive for government agencies to investigate and remedy instances of discrimination"). Plaintiff bears the burden of demonstrating the applicability of waiver. *See Belgrave*, 254 F.3d at 387.

---

[3] Plaintiff's Objection mis-numbered this third objection as a second "Objection 2." (Pl.'s Obj. at p. 13, PgID 1684.)

In the EEO complaint process, an agency "final action" is a decision on the merits. *See* 29 C.F.R. § 1614.110, Final action by agencies. When an entire complaint is dismissed, the agency takes final action by making a "final decision" explaining why any claims were dismissed and providing the agency's findings on the merits of the remaining claims. *Id.* § 1614.110(b). In the event a final action fails to dismiss a claim as untimely, the agency has waived the untimeliness defense. *See Horton*, 369 F.3d at 911. "Not all complaints, however, proceed to an agency final action." *Lord*, 568 F. App'x at 439 (explaining that a complainant may file a civil case if an agency fails to take a final action within 180 days from the filing of a complaint, and that if the agency then fails to raise the timeliness of the claim as an affirmative defense before the district court, the defense is waived).

Magistrate Judge Hluchaniuk found that "[t]here can be no question that the government investigated the merits of plaintiff's complaint of discrimination and harassment. NIH hired Latif Doman to conduct an investigation pursuant to 29 C.F.R. § 1614.108 … [and] the inquiry ended with a report of investigation submitted by Doman to the NIH." (R&R at p. 31, PgID 1659.) However, there was no evidence that the agency issued a final decision on the merits of Plaintiff's complaints before Plaintiff filed her lawsuit, and "[c]onsequently, the government has not waived the untimeliness argument." (*Id.* at pp. 32-33, PgID 1660-61, citing *Knighten v. McHugh*, No. 14-CV-12351, 2016 WL 4446593, at *2 (E.D. Mich. Aug.

24, 2016) ("Knighten [] argues that the court should hold that Defendants waived th[e untimeliness] defense because the EEO was delayed in issuing its final decision. The fact remains, however, that no final decision was made.  This argument, therefore, fails.").)

Plaintiff now claims that there *was* a decision on the merits and that the final decision did not address the untimeliness issue, thereby waiving the untimeliness defense.  (Pl.'s Obj. at pp. 15-17, PgID 1686-88.)  Plaintiff relies on five exhibits attached for the first time to her Objection as providing "material evidence proving that a decision was made within the agency[.]"  (*Id.*, citing Exhibits 1-5, collectively at ECF No. 83-1.)  Plaintiff cites to *Muhammad v. Close*, 798 F. Supp. 2d 869, 875 (E.D. Mich. 2011), for the proposition that "district courts have discretion to consider evidence first presented after a magistrate judge files a report."  (Pl.'s Obj. at p. 16, PgID 1687.)  However, while the court "may supplement the record by entertaining additional evidence, [it] is not required to do so."  *Kesler v. Barris, Scott, Denn & Driker, PLLC*, 482 F. Supp. 2d 886, 890 (E.D. Mich. 2007) (citation omitted).

Plaintiff does not explain why she failed to include this "evidence" with her November 6, 2019 Response to Defendant's motion for summary judgment, which was supported by 17 exhibits, or with her January 10, 2020 sur-reply.  (See ECF

Nos. 73 and 78.)  In fact, in her November 27, 2019 motion for leave to file a sur-

reply brief, Plaintiff affirmatively stated in her *proposed* sur-reply brief:

> In this case, NIH pursued Plaintiff's complaint, ***but never received a
> final agency decision on this matter***.  Therefore, Plaintiff is within her
> right to file a complaint according to (b) ***since the agency has issued
> no final decision on the matter***.

(ECF No. 75-1, Proposed Sur-reply brief at pp. 4-5, PgID 1602-03 (emphases

added).)  In her subsequently-filed sur-reply brief (which differed in many ways

from the proposed brief attached to her motion for leave), she again stated that she

filed her Amended Complaint "***not having a final decision from NIH***, and

accordingly, and is well within her right to file in this Court, pursuant to 29 CFR §

1614.207," and she requests that the Court "***order the NIH to complete the

investigative process*** … and issue its decision on her right to file suit[.]"  (ECF No.

78, Pl.'s Sur-reply at pp. 9-10, PgID 1620-21 (emphases added).)

Despite Plaintiff's prior affirmative statements to this Court that no final

decision had been reached, the Court will exercise its discretion and review this

newly-submitted evidence.  None of the exhibits purports to be the agency's final

decision pursuant to § 1614.110.  Rather, Plaintiff claims that these exhibits

collectively "indicate[] that the agency decided the matter, based on the ROI of Latif

Doman[.]"  (Pl.'s Obj. at p. 17, PgID 1688.)  However, the Court agrees with

Defendant that the exhibits do not demonstrate any "final action" by the Agency on

the merits of Plaintiff's age discrimination claims, much less that a decision on the merits was made without addressing the untimeliness issue.

Exhibit 1 is an email that refers to ROIs completed by "the Golden Key group" for two individuals, including Plaintiff. (ECF No. 83-1 at PgID 1692.) Exhibit 4 is a September 15, 2016 letter to Dr. Romero from Constantine Stratakis, M.D., that also refers to the Golden Key Group investigation of Plaintiff's complaints and states that "their investigation did not produce hard evidence to substantiate the allegations," but does not indicate that there was a final agency decision. (*Id.* at PgID 1702.)   And Exhibit 5 is an Affidavit of Roberto Romero, M.D., dated September 26, 2016, in which he states that "Plaintiff previously has filed a Complaint containing these [age discrimination] allegations with the National Institutes of Health, which found they lacked merit.  The NIH closed its investigation *without action*." (*Id.* at PgID 1704-05 (emphasis added).)  All three documents refer generally to an investigation into Plaintiff's complaint but none of these documents are evidence of an agency final decision on the merits, much less a final decision that did not consider the untimeliness issue. As explained above, an agency's investigation of a complaint does not waive its defense that the complaint is untimely. *See Horton*, 369 F.3d at 911.

The remaining two exhibits are even less relevant to the waiver issue.  Exhibit 2 is an email referring to a "Management Advisory Report" and Exhibit 3 is a

Management Advisory Report memorandum from the Division of Program Integrity. (ECF No. 83-1 at PgID 1694, 1697-1700.) While the memorandum notes as "background" that "NIH received allegations" that Dr. Romero "created a hostile work environment," among other allegations, the Report does not address the merits of Plaintiff's age discrimination claims, but instead addressed "contract issues at CRL," "CRL staff work during a government shutdown," "travel," and "mandatory NIH training." (*Id.* PgID 1697-1700.) Plaintiff even describes Exhibit 3 as "discussing other aspects of the investigation," as opposed to the merits of her age discrimination claims. (Pl.'s Obj. at p. 16, PgID 1687.)

To sum, while there is no question that the Government investigated the merits of Plaintiff's complaints of discrimination and harassment, there is no evidence that the agency issued a final decision on the merits of Plaintiff's complaints before she filed this lawsuit. The Government therefore has not waived the untimeliness issue, and Plaintiff's third objection is OVERRRULED.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

**(1) OVERRULES** Plaintiff's Objections (ECF No. 83);

**(2) ADOPTS** Magistrate Judge Hluchaniuk's April 6, 2020 Report and Recommendation (ECF No. 80); and

**(3) GRANTS** Defendant's Motion for Summary Judgment (ECF No. 70).

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: July 14, 2020