UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE POWERS,

       Plaintiff,

v.

SECRETARY OF THE
DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

       Defendant.

_____/

Case No. 16-cv-13668

Paul D. Borman
United States District Judge

**<u>OPINION AND ORDER (1) DENYING PLAINITFF'S MOTION FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 59(e) AND E.D. MICH. LR 7.1(h) AND TO REMAND (ECF No. 95) AND (2) GRANTING DEFENDANTS' MOTION TO FILE RESPONSE (ECF NO. 96)</u>**

On July 14, 2020, the Court entered an Opinion and Order granting Defendant Secretary of the Department of Health and Human Services' motion for summary judgment, finding that Plaintiff failed to exhaust her administrative remedies on her Age Discrimination in Employment Act claims against Defendant, and also entered a Judgment in favor of Defendant, dismissing Plaintiff's Amended Complaint with prejudice. (ECF Nos. 85, 86.)

On September 9, 2020, Plaintiff filed a motion seeking reconsideration, pursuant to Fed. R. Civ. P. 59(e) and E.D. Mich. L.R. 7.1(h), claiming that she

requests the Court to "reconsider in-part its Final Judgment." (ECF No. 95, Motion for Reconsideration.) However, the motion does not seek reconsideration of the Court's July 14, 2020 Opinion and Order, but seeks instead reconsideration of the Court's September 29, 2017 Opinion and Order (ECF No. 38), in which the Court dismissed Defendants Charles River Laboratories, Inc. ("CRL") and Susan Jackson without prejudice and compelled arbitration of Plaintiff's claims against them, and also granted in part Plaintiff's motion for leave to amend the Complaint as to the United States. (*Id.* PgID 1771-72.)[1] Plaintiff, however, previously filed a very untimely motion for reconsideration of the Court's September 29, 2017 Opinion and Order (more than one year after entry of the Court's Order) (see ECF No. 62), which this Court already denied in an Opinion and Order issued on March 28, 2019. (ECF No. 65, Opinion and Order Denying Plaintiff's Motion for Reconsideration.) Plaintiff now seeks yet another "bite at the apple," under Fed. R. Civ. P. 59(e), asserting, as she did in her first untimely motion for reconsideration, that the arbitration document CRL submitted to the Court is a "fabrication and not an accurate and faithful representation of an original document" and that it was "altered." (Compare ECF No. 62, PgID 1312 with ECF No. 95, PgID 1778.)

---

[1] The Court notes that Plaintiff requested, and was generously granted, **four** extensions of time to file this motion, under her representation to the Court that she was seeking "time to respond to ECF No. 85 and 86," the July 14, 2020 Opinion and Order and Judgment. (See ECF Nos. 87-94.)

Defendants CRL and Susan Jackson filed a Motion to File Response to Plaintiff's Motion for Reconsideration, and a Response. (ECF No. 96.) The Court hereby GRANTS Defendants' motion and considers Defendants' Response.

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citation omitted). "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citation omitted). The Sixth Circuit has "repeatedly" held that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment" and that while Rule 59(e) allows "for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Id.* (citation omitted). Relief under Rule 59(e) "is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *U.S. ex rel. Am. Textile Mfrs. Inst. Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Plaintiff here simply seeks to repeat her arguments made in her first 2017, untimely motion for reconsideration, a prohibited attempt to have a "second bite at the apple." *See Michigan Dep't of Envtl. Quality v. City of Flint*, 296 F. Supp. 3d 842, 847 (E.D. Mich. 2017) (identifying "common denominator" among rules for post-judgment relief as "a party that has had a fair chance to present its arguments ought not have a second bite at the apple.") Plaintiff contends, as she did before, that the arbitration agreement has been "fabricated" or otherwise "altered," but does not set forth any new evidence, claim that there has been an intervening change in controlling law, or that the September 29, 2017 Opinion and Order must be amended or altered to prevent a "manifest injustice." There is no need for the Court to reconsider Plaintiff's arguments yet again because the Court provided a reasoned analysis rejecting Plaintiff's first motion for reconsideration in its March 28, 2019 Opinion and Order (ECF No. 65), and "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 95) is DENIED.

Plaintiff also "requests that the Court remand Plaintiff's state claims against [the] CRL Defendants pursuant to 1367(c)(1) and 1367(c)(3), where the case originated in Wayne County Circuit Court." (ECF No. 95, PgID 1793.) However, Plaintiff's claims against the CRL Defendants in the original complaint were

4

dismissed in their entirety on September 29, 2017, and Plaintiff thereafter filed a First Amended Complaint on October 13, 2017 (ECF No. 39, First Amended Complaint), which superseded the original complaint and rendered it a legal "nullity." *See B&H Med., L.L.C. v. ABP Admins., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008) (explaining that "a prior 'complaint is a nullity, because an amended complaint supersedes all prior complaints'") (citation omitted). The First Amended Complaint asserts only federal claims against Defendant Secretary of the Department of Health and Human Services, and those claims have been dismissed. (ECF Nos. 85, 86.) Accordingly, no state law claims remain pending against the CRL Defendants to remand to the state court, and Plaintiff's request to remand is DENIED.

Finally, in their Response, the CRL Defendants request sanctions against Plaintiff pursuant to 28 U.S.C. § 1927 for "unreasonably and vexatiously" multiplying the proceedings. (ECF No. 96, PgID 1813.) Defendants seeks their attorneys' fees incurred in "opposing Plaintiff's second untimely and baseless Motion for Reconsideration," but do not state the amount of fees sought. (*Id.*)[2] While

---

[2] Defendants also complain that, following the Court's July 14, 2020 Opinion and Order and Judgment, Plaintiff filed four motions for extension without ever attempting to contact the CRL Defendants' counsel regarding concurrence, and likewise filed the instant motion without even attempting to seek concurrence, all in direct contravention of the express requirements of E.D. Mich. Local Rule 7.1(a)(1) which states that a "movant must ascertain whether the contemplated motion … will be opposed." (ECF No. 96, PgID 1808-09.) Defendants argue that Plaintiff's motion

the Sixth Circuit has not ruled on this issue, district courts in this circuit have held that sanctions pursuant to § 1927 are inappropriate against pro se litigants because § 1927 limits who may be sanctioned to "[a]ny attorney or other person admitted to conduct cases in any [U.S.] court." *See, e.g, Li v. Recellular, Inc.*, No. 09-cv-11363, 2010 WL 1526379, at *8 (E.D. Mich. Apr. 16, 2010) (citing *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395-96 & n.6 (6th Cir. 2009), and collecting out-of-circuit cases); *but see Gitler v. Ohio*, 632 F. Supp. 2d 722, 727 (N.D. Ohio 2009) ("Although § 1927 on its face limits who may be sanctioned to an attorney or other person allowed to conduct cases, courts in the Sixth Circuit can sanction pro se litigants under that provision.") A district court may also sanction litigants who have "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" pursuant to its "inherent powers." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). In any event, although the Court in no way condones Plaintiff's repeated failure to adhere to Court's Local Rules and the Rules of Civil Procedure, considering Plaintiff's pro se status, and a lack of demonstrable bad faith on the part of Plaintiff, the Court declines to impose sanctions under § 1927, or its inherent power, at this time.

---

should be dismissed as a result of her failure to seek concurrence. (ECF No. 96, PgID 1808-09.) While not minimizing Plaintiff's complete failure to abide by this Local Rule, the Court notes that, as a general rule, "the Federal Rules encourage courts to decide each claim on its merits rather than on procedural technicalities," *Livonia Pub. Sch. v. Selective Ins. Co. of the Southeast*, 443 F. Supp. 3d 815, 861 (E.D. Mich. 2018), and accordingly declines to deny Plaintiff's motion for this reason.

Therefore, for the reasons stated above, the Court GRANTS Defendants' motion to file a response (ECF No. 96) and DENIES Plaintiff's Motion for Reconsideration and Request to Remand (ECF No. 95.)

IT IS SO ORDERED.

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Dated: October 21, 2020